# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WILL COUNTY, | ) | |
| | ) | |
|       Plaintiff, | ) | No. 09 C 7858 |
| | ) | |
|       v. | ) | Wayne R. Andersen |
| | ) | District Judge |
| CONNIE JOHNSON, | ) | |
| | ) | |
|       Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Will County's Motion to Remand [10], including Will County's request for costs and attorneys' fees. Identical notices of removal, motions to remand, and supporting briefs were filed in cases 09 C 7858 and 09 C 7878. Consequently, the same analysis applies to both cases, and this opinion is issued in both cases. For the following reasons, the motions are granted.

## BACKGROUND

C & G Trucking, Inc. is an Illinois corporation with its principal place of business in Peotone, Illinois. Connie Johnson and Gary Johnson (collectively, "the Johnsons") are individuals who reside in Peotone, Illinois, and they are both principals of C & G Trucking, Inc. The Johnsons received a letter dated September 3, 2009 from a Will County Code Enforcement Inspector alleging various zoning ordinance violations. Section 14.9 of the Will County Zoning Ordinance set forth a process for appealing such findings. The Johnsons sought to file an appeal with the Will County Department of Land Use, but such appeal was not possible because Will County had never implemented an appeal process. The Johnsons were told that a party objecting

to this type of citation could either (a) wait to be sued by the County in an enforcement action, or (b) file an action seeking declaratory relief in state court.

On October 13, 2009, the Johnsons and C & G Trucking filed case 09 C 6431 in the Northern District of Illinois. The complaint was brought as a class action on behalf of Will County residents "who received a citation, notice of violation, or fine for violating the Will County Zoning Ordinance" (Compl. in case 6431 ¶ 15.a), alleging that the class members' constitutional rights were violated by virtue of Will County's enactment and application of an ordinance that provides for an appeal process when the appeal process was never implemented. There was never any request to certify a class, and no class has been certified.

According to the complaint, "[t]his action is based upon 42 U.S.C. § 1983, Article I and Article IV of the United States Constitution, the Fourth, Fifth, Thirteenth and Fourteenth Amendments of the United States Constitution, and Illinois law." (*Id*. at ¶ 5.)

On October 27, 2009, Will County filed two separate zoning enforcement proceedings in state court against both Gary and Connie Johnson. (Mot. to Remand at 2.) On December 21, 2009, the Johnsons removed those proceedings to the Northern District of Illinois. (*Id*.) Case 09 C 7858 was before Judge Guzman, and case 09 C 7878 was before Judge Bucklo. On January 8, 2010, the Johnsons and C & G Trucking filed a motion in case 09 C 6431 requesting that the Court find these three cases related (though the parties failed to provide the correct case numbers in that motion). (Mot. to Reassign Cases as Related at 1.) The Court determined that the cases were related, and on February 18, 2010, minute entries were made on the dockets of all three cases indicating that cases 09 C 7858 and 09 C 7878 were reassigned to Judge Andersen.

Will County filed a motion to dismiss case 09 C 6431 on December 28, 2009, and filed motions to remand cases 09 C 7858 and 09 C 7878 on January 11, 2010. The motions to

2

remand, including Will County's requests for attorneys' fees and costs, are the focus of this opinion. An opinion addressing the motion to dismiss is being issued in case 09 C 6431.

## MOTION TO REMAND

Will County has asked this court to remand cases 09 C 7858 and 09 C 7878 to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois.

### I. Legal Standard

"A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1441). "If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" *Martin*, 546 U.S. at 134 (citing 28 U.S.C. § 1447(c)).

In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint. *Sheridan v. Flynn*, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003). A plaintiff's choice of forum is presumed valid and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g., Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum"); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction"). Defendants bear the burden of establishing that all of the prerequisites for removal have been satisfied. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004) (defendant must demonstrate "reasonable probability that subject-matter jurisdiction exists").

**II.      Discussion**

The Johnsons indicated that they removed these proceedings to federal court pursuant to 28 U.S.C. § 1331, 1332, 1338, 1441, 1443 and 1446. (Notice of Removal ¶ 1.) As noted by Will County, nowhere in the Johnsons' notices of removal is there a statement that the underlying causes of action are based on federal law or that the requirements for diversity jurisdiction have been met. The Johnsons simply refer to the above-listed statutes and assert that Will County filed the enforcement actions in state court in order to "usurp the jurisdiction of this Court over cause no. 09 CV 6431." (Notice of Removal ¶ 2.) In the motions to remand, Will County states that these cases should be remanded back to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, arguing that none of the statutory sections cited by the Johnsons provide any valid basis for the cases to be in federal court.

Interestingly, in their responses to the motions to remand, the Johnsons fail to even mention any of the aforementioned statutory provisions. Instead, the Johnsons make a general claim that removal is supported by the Civil Rights Act and the alleged violations of their constitutional rights. However, we note that, similar to the complaint in case 09 C 6431, the Johnsons fail to explain exactly which constitutional rights were violated and in what manner. (Resp. to Will County's Mot. to Remand at 3.)

Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). We briefly examine each of the supposed bases of federal jurisdiction, to determine if removal to federal court was proper.

### A. § 1331 – Federal Question

Pursuant to 28 U.S.C. § 1331, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Despite the reference to numerous other statutory provisions in their notices of removal, it appears as though the Johnsons rely primarily on the argument that these cases involve a federal question (even though, as mentioned earlier, § 1331 is not even mentioned in their responses).

The underlying complaints filed by Will County set forth four claims for violations of different sections of the Will County Zoning Ordinance, and do not mention the United States constitution or any laws or treaties of the United States. The Johnsons do not dispute this. After making a general reference to the Civil Rights Act and the alleged violation of their constitutional rights (Resp. to Will County's Mot. to Remand at 3), they state, "It is not the allegations of violations of the zoning ordinance in the State Court complaint which give rise to the federal question, it is the retaliatory nature of the filings of these suits by a unit of local government against parties with an existing lawsuit pending in federal court" (*Id.* at 4). The Johnsons have not cited any statute which provides for federal jurisdiction simply on the basis of "retaliation," nor can they. Furthermore, the Court finds the simple mention of "Civil Rights Act" and "violation of Constitutional rights" unconvincing. A litigant cannot expect to establish federal question jurisdiction by simply naming a source of federal law without providing any support as to how that law applies.

The Johnsons also seem to be urging the Court to deny the motion to remand on the basis that they filed the earlier case in federal court (09 C 6431), and the cases should be consolidated. (Resp. to Will County's Mot. to Remand at 4.) Not only is this argument an insufficient basis for

5

establishing federal jurisdiction for the removed cases, but it is also irrelevant because case 09 C 6431 is dismissed, as discussed in the opinion issued in that case.

### B. § 1332 – Diversity Jurisdiction

Diversity jurisdiction is applicable when the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332. Despite referring to §1332 in the notice of removal, the Johnsons make no assertion that either of these requirements for diversity jurisdiction have been met, and it is clear that these requirements have not been met.

Each complaint filed against the Johnsons alleges four separate counts of violations of the county zoning ordinance, each seeking a maximum judgment of $500, meaning that the amount in controversy in each case is no more than $2,000. Furthermore, "a county is a 'citizen' of its state for purposes of the diversity jurisdiction." *See Goros v. County of Cook*, 489 F.3d 857, 859 (7th Cir. 2007) (citing *Moor v. County of Alameda*, 411 U.S. 693, 717-18 (1973)). Will County is a citizen of Illinois, the Johnsons are both citizens of Illinois, and the class they purport to represent consists entirely of Illinois (Will County) residents, so no diversity of citizenship can be established. These cases cannot be removed on the basis of 28 U.S.C. § 1332.

### C. § 1338

Section 1338 deals with patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition. This statute is completely inapplicable to the instant case.

### D. § 1441

General requirements for removal are set forth in 28 U.S.C. § 1441, which provides, in relevant part, ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the

6

district court of the United States for the district embracing the place where such action is pending." 28 U.S.C. §1441(a). Notably, the first requirement for any removal is that the action be one over which federal courts have original jurisdiction – namely, that the case either involve a federal question or diversity of citizenship. As noted above, these zoning enforcement actions do not involve any federal question, nor is there diversity of citizenship. Consequently, section 1441 provides no basis to support the removal of these cases to federal court.

**E.	§ 1443**

Section 1443 contains two separate clauses which allow removal in two distinct situations. The statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The portion of subsection (1) which says "law providing for the equal rights" means "a law guaranteeing racial equality." *Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986) (citing *Georgia v. Rachel*, 384 U.S. 780, 786-94 (1966)). There is no allegation of racial inequality in these cases, so §1443(1) does not apply.

Subsection (2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal rights." *Application of County Collector of Winnebago, Ill.*, 96 F.3d 890, 897 (7th Cir. 1996) (quoting *Greenwood v. Peacock*, 384 U.S. 808, 823 (1966)). The Johnsons

7

are not federal officers or agents, and cannot rely on this statute to support the removal of these cases.

### F. § 1446

Section 1446 outlines the procedure for removing a civil action from state court, but it does not set forth an independent basis for original jurisdiction in the federal courts. Without establishing subject matter jurisdiction on some other grounds, the Johnsons cannot rely on section 1446 to support the removal of these cases.

## III. Conclusion

As there has been no demonstration of a reasonable probability that subject-matter jurisdiction exists, Will County's motions to remand are granted, and the cases are remanded to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois.

## REQUESTS FOR ATTORNEY FEES

As part of its motions to remand, Will County also requests that the Court grant it its costs and fees associated with the removal of this action.

## I. Legal Standard

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447.

The Supreme Court has explained that the attorney fee provision of the removal statute does not create a strong presumption either in favor of or against awarding fees on remand. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005). The standard for awarding fees in these circumstances is as follows: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141.

The Seventh Circuit provided additional guidance on this subject. Interpreting the rule set forth in *Martin*, the Seventh Circuit stated,

> [O]ur qualified immunity jurisprudence provides appropriate guidance for determining whether a defendant had an objectively reasonable basis for removal. As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

*Lott v. Pfizer*, 492 F.3d 789, 793 (7th Cir. 2007).

**II. Discussion**

The Johnsons alleged that Will County deprived them of their constitutional rights, so it is not unreasonable for the Johnsons to believe that their claims could be heard in federal court, despite the fact that this Court ultimately determined that the proper forum is state court.

It does not appear as though the Johnsons initiated these removal proceedings for the purpose of prolonging litigation, which was one of the primary concerns noted by the Supreme Court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) ("The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.") It would be difficult to say that the Johnsons sought to avoid or delay litigation on this subject when they were the ones to initiate the earliest of the three cases before us (09 C 6431), and they were also the ones who requested that the three cases be found related and assigned to the same judge, in order to streamline litigation.

## III. Conclusion

Given that the Johnsons had an objectively reasonable basis for seeking removal, and the removal was not initiated for the purpose of delaying or prolonging litigation, Will County's request for attorneys' fees and costs under § 1447(c) is denied.

## CONCLUSION

For the foregoing reasons, Will County's Motions to Remand cases 09 C 7858 [10] and 09 C 7878 [10] are granted in part and denied in part. The motions are granted with respect to the issue of remand, and cases 09 C 7858 and 09 C 7878 are remanded to the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. Will County's request for fees and costs associated with the removal is denied.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: March 4, 2010